WALTER C. BEDWELL V. CUSTER COUNTY.

FILED APRIL 21, 1897.  No. 7235.

1. County Treasurers: COMPENSATION. Section 1, chapter 44, Session Laws of 1887, limited the compensation of county treasurers of counties of 25,000 inhabitants or less to $2,000 per annum for all services rendered by such treasurers by virtue of their office.

2. ———: EDUCATIONAL FUNDS. The statutes in force in 1888 and 1889 made it the duty of the county treasurers of such counties to collect and remit to the state treasurer moneys owing to the state arising from the leasing and sale of the educational lands of the state situate in such counties.

3. ———: ———: FEES. By chapter 80, Session Laws of 1887, allowing such county treasurers a fee of one per cent on educational land funds collected and remitted by them to the state treasurer, the legislature intended the state to reimburse such county for the services rendered by its treasurer in the collection and remittance of such fund.

4. ———: ———: ———. The fees paid by the state to such a county treasurer for collecting and remitting the educational land fund should by the latter be added to all other fees received by him as such treasurer, and if the aggregate exceeds the sum of $2,000 per annum the excess should be turned into the treasury of his county by him.

ERROR from the district court of Custer county.  Tried
below before HOLCOMB, J.  *Affirmed.*

*Sullivan & Gutterson,* for plaintiff in error.

*E. P. Campbell, J. R. Dean,* and *John S. Kirkpatrick,*
*contra.*

RAGAN, C.

During the years 1888 and 1889 Walter C. Bedwell was
county treasurer of Custer county, a county having less
than 25,000 inhabitants.  During his term of office he
collected $19,861 belonging to the educational land fund
of the state.  The money was derived from the sale and
leasing of school lands belonging to the state, and for col-
lecting and remitting this money to the state treasurer
the state paid Bedwell, on a warrant duly drawn in his
favor therefor, the sum of $198.61, or one per cent of the
amount of the educational land fund collected.  The
amount so paid him by the state treasurer Bedwell
claimed the right to retain in excess of his salary of
$2,000 per year as county treasurer of Custer county.
The county sued the treasurer for this money and recov-
ered a judgment, which the treasurer brings here for re-
view.

By section 1 of an act passed and approved April 4,
1887, and which went into force about three months there-
after (see Session Laws, 1887, p. 463, ch. 44), it was pro-
vided that every county treasurer in counties having a
population of 25,000 inhabitants or less whose fees
should in the aggregate exceed the sum of $2,000 should
pay the excess into the treasury of their county.  In other
words, this act limited the compensation of county treas-
urers in counties of the class to which Custer belongs to
$2,000.  By an act which went into force April 4, 1887,
(see Session Laws, 1887, p. 615, ch. 80), it was provided
that county treasurers should be allowed as compensa-
tion for the collection of educational land funds one per

cent of all such funds collected by them, and the auditor of public accounts was authorized and directed by the act to issue his warrant therefor in the same manner as was provided for the payment of county treasurers' fees for the collection of state taxes. The contention of the plaintiff in error here is that by the provisions of the act last quoted the state was required to pay him a compensation for collecting educational land funds for the state, and that he is under no obligation to account for moneys so received as a part of the fees of his office as treasurer of Custer county. We think these two acts of the legislature of 1887 should be construed together and both should be read and considered in connection with the statute governing the sale and leasing of the educational lands of the state. By the latter statute it is made the duty of the county treasurer of each county, in which are situate educational lands belonging to the state, to receive the moneys owing to the state arising from the leasing and sale of such lands and to remit such money to the state treasurer. By the first act of 1887, quoted above, the salary or compensation of county treasurers of counties of 25,000 inhabitants or less is limited to $2,000, and this is to be in full for all services rendered by them by virtue of their office. The second act of 1887, quoted above, did not repeal or modify the first act, but by it the legislature intended that the state should reimburse the county for services performed by the latter's treasurer for the state in collecting and remitting the educational land funds. It was therefore the duty of the treasurer of Custer county to account for the compensation paid him by the state for collecting the educational land funds as part of the fees of his office as treasurer of Custer county, and if such compensation, added to the other fees of his office, exceeded $2,000 per year, he was required to pay the excess into the treasury of his county. The judgment of the district court is

AFFIRMED.